STATE OF MAINE                                    SUPERIOR COURT
SOMERSET, ss.                                     Docket No.: 10-CV-033
                                                  JCN -SOM - 6/11/2012


Anthony Soychak,

        Plaintiff

                                          **DECISION AND ORDER**
v.                                        (Motion for Summary Judgment)


Maine Land Use Regulation Commission,

        Defendant


        This matter was heard on May 31, 2012, on Defendant's Motion for Summary

Judgment. Assistant Attorney General Amy Mills represented the Defendant. Plaintiff

appeared *pro se*.

        In this action, Plaintiff seeks to recover monetary damages allegedly arising out of

proceedings before and decisions made by Defendant regarding Plaintiff's efforts to

secure a permit to develop a parcel of land on Moose River in Rockwood Strip Township

(the property). More specifically, Plaintiff asserts that he suffered emotional distress and

financial losses as the result of Defendant's denial of Plaintiff's request for a permit, and

Defendant's commencement of an enforcement action regarding the property.

**Factual and Procedural Background**

        According to Plaintiff's Complaint, Plaintiff acquired the property at auction in

1994, and in the same year he applied for a permit to build a camp and garage on the

property. Although the summary judgment record does not reflect any proceedings

before Defendant involving Plaintiff in 1994, the record does establish that in 1991, in

proceedings involving a predecessor in title to Plaintiff, Defendant determined that a prior sale of the property had created a subdivision requiring Defendant's approval. Because subdivision approval had not been requested and thus not granted, development of the parcel was impermissible.

The record reflects that in 2007, Defendant issued a Notice of Violation to Plaintiff, in which notice Defendant informed Plaintiff that Defendant would not issue a building permit for an unauthorized lot. However, in 2009, Defendant informed Plaintiff that because the unauthorized subdivision had been in existence for a period of 20 years, by operation of law, Plaintiff could now build on the property. Defendant, therefore, issued a permit. In August 2010, following a complaint regarding the clearing of vegetation on the property, Defendant inspected the property and subsequently initiated an enforcement action against Plaintiff.

Plaintiff commenced this action with the filing of his complaint on November 14, 2011. Defendant filed this motion for summary judgment, in which motion, Defendant argues in part that Plaintiff failed to satisfy the requirements of the Maine Tort Claims Act, and that Defendant is immune from suit.

**Discussion**

Under Maine law, "except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any an all tort claims seeking recovery of damages." 14 M.R.S. § 8103(1) (2011). In addition, the Maine Tort Claims Act (the Act) also provides that within 180 days of the accrual of a cause of action, a claimant must serve a notice of claim. 14 M.R.S. § 8107(1) (2011). A claimant must also file suit within two years after the cause of action accrues. 14 M.R.S. § 8110 (2011).

In this case, Plaintiff seeks to recover in tort for Defendant's failure to issue a building permit, and for Defendant's initiation of an enforcement action through the issuance of a Notice of Violation. Defendant is a governmental entity as defined by the Act.[1] Because neither of the claims falls within any of the exceptions to the immunity afforded by the Act, Defendant is immune from suit. Accordingly, summary judgment in favor of Defendant is warranted.[2]

## Conclusion

Based on the foregoing analysis, the Court grants Defendant's motion for summary judgment. The Court, therefore, enters judgment in favor of Defendant on Plaintiff's Complaint.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 6/11/12

Justice, Maine Superior Court

---

[1] 14 M.R.S. § 8102(2) (2011) provides that "'governmental entity' means and includes the State ..." "'State' means the State or Maine or any .... agency, .... commission .... of the State ..." 14 M.R.S. § 8102(4) (2011).

[2] Because the Court has concluded that Defendant is immune from suit, the Court will not address the Defendant's remaining arguments in support of its motion for summary judgment.

ANTHONY SOYCHAK - PLAINTIFF
PO BOX 203
ROCKWOOD ME 04478

vs

LAND USE REGULATION COMMISSION - DEFENDANT
22 STATE HOUSE STATION
AUGUSTA ME 04333
Attorney for: LAND USE REGULATION COMMISSION
AMY B MILLS  - APPOINTED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

SUPERIOR COURT
SOMERSET, ss.
Docket No  SKOSC-CV-2011-00033

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER PERSONAL INJURY TORT
Filing Date: 11/14/2011

## Docket Events:

11/16/2011 FILING DOCUMENT - COMPLAINT FILED ON 11/14/2011

11/16/2011 Party(s):  ANTHONY SOYCHAK
          MOTION - MOTION PROCEED W/O FEE FILED ON 11/14/2011
          WITH AFFADAVIT

11/16/2011 Party(s):  ANTHONY SOYCHAK
          MOTION - MOTION PROCEED W/O FEE DENIED ON 11/10/2011
          JOHN  NIVISON , JUSTICE
          COPIES TO PARTIES/COUNSEL                                    APPLICATION IS
          DENIED AT THIS TIME. PLAINTIFF SHALL SET FORTH THE CURRENT BALANCE ON THE MORTGAGE OR REAL
          ESTATE.
                          11/29/11 - COURT APPOINTED COUNSEL NOT AVAILABLE TO APPLICANT
          AS APPLICANT IS PLAINTIFF IN CIVIL ACTION /S/ J NIVISON
          CC: ANTHONY SOYCHAK.  FILING FEE WAIVED

11/16/2011 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 11/14/2011

11/21/2011 Party(s):  ANTHONY SOYCHAK
          LETTER - FROM PARTY FILED ON 11/21/2011
          LETTER SETTING FORTH THE CURRENT BALANCE ON THE MORTGAGE OR REAL ESTATE OF $146,000

12/01/2011 Party(s):  LAND USE REGULATION COMMISSION
          OTHER FILING - ENTRY OF APPEARANCE FILED ON 12/01/2011
          Defendant's Attorney: AMY B MILLS

12/01/2011 Party(s):  LAND USE REGULATION COMMISSION
          ATTORNEY - APPOINTED ORDERED ON 12/01/2011
          Defendant's Attorney: AMY B MILLS

12/02/2011 Party(s):  ANTHONY SOYCHAK
          OTHER FILING - OTHER DOCUMENT FILED ON 12/02/2011
          SERVICE REQUEST FORM WITH BILL

12/06/2011 Party(s):  LAND USE REGULATION COMMISSION
          RESPONSIVE PLEADING - ANSWER FILED ON 12/05/2011